## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  5:15-CR-00098** |
| | ) | |
| **BRETT M. RUSSELL** | ) | |
| | ) | |

## UNITED STATES MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ADMINISTRATIVE INVESTIGATION,  DISCIPLINE OR REINSTATEMENT HEARING DECISION

The United States of America, by and through its undersigned attorneys, respectfully requests an order from this Court precluding defendant Brett Russell from referring to, or presenting evidence regarding, any conclusions of administrative investigations, discipline, or reinstatement hearing or decision related to defendant's use of force against G.H. on December 23, 2011 in Huntsville, Alabama.

## I.  Background

The Huntsville Police Department (HPD) conducted an internal investigation into allegations that defendant Russell used excessive force against G.H. in Huntsville, Alabama, on December 23, 2011.  A video of the incident shows the defendant dragging a compliant and cooperative G.H. from the rear seat of a Huntsville police patrol car.  G.H.'s hands are cuffed behind his back.   As indicated on the video, G.H. was quickly placed face down on the ground. Two additional officers held G.H.'s legs and applied shackles.  A high school student in a ride-along program placed his knee across G.H.'s neck and shoulders and held his head to the ground.

While G.H. was handcuffed and pinned to the ground by three HPD personnel, the defendant repeatedly struck G.H. with his fist, knee and foot.  G.H. was compliant and not resisting.  G.H. was taken to the Madison County Jail, to be booked on 3rd degree assault charges for allegedly hitting his wife.  The jail refused to accept G.H. until he was taken to Huntsville Hospital for evaluation and treatment of his injuries.  G.H. was treated for pain and multiple contusions.

The HPD concluded that defendant Russell used excessive force against inmate G.H. by assaulting G.H. while G.H. was restrained and not resisting.  The HPD also found that the defendant violated the department's policy on truthfulness by falsifying his incident/investigative report.  After affording the defendant an opportunity to voluntarily provide any evidence in response to the charges of violating HPD policies on use of force and truthfulness, the HPD terminated the defendant on May 21, 2012.

The defendant appealed his termination to the Huntsville City Council.  Following two hearings conducted on July 26, 2012, and August 9, 2012, the City Council ordered that the defendant be reinstated.  The City Council concluded that the defendant should be punished with a suspension and be required to attend anger management classes, but that the defendant should be reinstated if he completed those requirements.

On April 30, 2015, a federal grand jury indicted Russell charging him with a violation of 18 U.S.C. §242 and 18 U.S.C. § 1519.

**II.    Argument**

Evidence relating or referring to the administrative investigation, discipline, or City Council hearing decision regarding the defendant is not relevant to any issue in this trial and presents a risk of unfair prejudice, misleading the jury, and confusion of the issues.  Such

evidence and any reference to these matters should therefore be excluded by the Court under Federal Rules of Evidence 402 and 403.

**A.     The Administrative Action Taken by HPD is Irrelevant.**

Evidence relating to the administrative investigation, adjudication, and discipline of the defendant is inadmissible pursuant to Federal Rule of Evidence 402 because such evidence is not relevant to any issue in this case. Neither the fact nor the nature of this evidence "has any tendency to make . . . more or less probable" any material fact of the charges in the Indictment. Fed. R. Evid. 401. Specifically, the standards and burden of proof for determining whether the defendant violated HPD policies on use of force and truthfulness are not the same as the standards and burden of proof for determining whether the defendant violated particular elements of the federal color-of-law and obstruction statutes implicating G.H.'s' constitutional rights. Cf., Lee v. Fessler, No. CV06-0449-PCT-JAT, 2008 WL 2757116, at *3 n.4 (D. Ariz. July 14, 2008) ("Although the[] [Department] policies were . . . adopted as measures intended to prevent constitutional violations, the policies themselves are not synonymous with the Constitution and its requirements, and thus are irrelevant to the issue of whether the officers . . . [in] this case, used excessive force within the meaning of the Constitution.").

**B.     Evidence of Any Administrative Action Taken by the HPD or the City Council Decision Would Invade the Province of the Jury.**

In addition, it is "the special province of the jury in a criminal case both to find the facts and apply the law as it sees fit." United States v. Melvin, 27 F.3d 710, 714 (1st Cir. 1994) (quoting United States v. Dennis, 786 F.2d 1029, 1041 (11th Cir. 1986)); Cf., Harper v. City of Los Angeles, 533 F.3d 1010, 1021 (9th Cir. 2008) (stating that the jury is the constitutional tribunal for trying facts in courts of law). Thus, admission of evidence of another fact finder's determination of such an issue would improperly encroach on the jury's role as fact finder. See,

e.g., Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th Cir. 1997) ("we have held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury."). Accordingly, evidence of prior judgments such as administrative rulings is generally inadmissible in a criminal trial because such evidence "goes directly to the principal issue and is highly prejudicial." Rabon v. Great Southwest Fire Ins. Co., 818 F.2d 306, 309 (4th Cir. 1987). See also, United States v. Jones, 808 F.2d 561, 566-67 (7th Cir. 1986) (holding that the defendant's acquittal in state court on the same facts was not admissible in federal trial); United States v. Kerley, 643 F.2d 299, 300-01 (5th Cir. 1981) (in a federal civil rights case, the Fifth Circuit upheld the exclusion of any reference to the state court acquittal of the defendant on battery charges on the grounds that such evidence was not relevant under Rule 401).

Just as the verdict (or non-verdict) of a prior fact finder would be inadmissible during a retrial of a criminal defendant, both the HPD's termination of the defendant and the City Council's decision to reinstate him are inadmissible in this case. Since, in a criminal trial, the jury is the sole judge of the facts, it would be improper to introduce any other factual determinations that were made before trial regarding the defendant's conduct. It would also be improper to introduce evidence of any disciplinary action taken against the defendant because such discipline implies wrongdoing by the defendant.

**C.    Any Probative Value of Evidence Relating to Administrative Action Taken by HPD or the City Council's Decision is Far Outweighed by the Risk of Unfair Prejudice, Confusion of the Issues, and Misleading the Jury.**

The evidence of conclusions made during administrative actions at issue should further be excluded pursuant to Federal Rule of Evidence 403 because any potential probative value it might have would be substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. Reference to, or evidence of, the HPD's termination of the

defendant or the City Council's decision to reinstate him would invite the jury to make its decision based on actions taken by the HPD or the City Council rather than based on the evidence presented at trial.  Moreover, it would clearly be improper for the jury to consider whether the defendant has already been punished sufficiently by the HPD.  Just as it is improper for the jury to consider what sentence might be imposed following conviction, Shannon v. United States, 512 U.S. 573, 579 (1994), it is improper for the jury to consider any administrative discipline already imposed.  Both considerations violate "the basic division of labor in our legal system between judge and jury.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.  The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict."  United States v. Broomfield, 161 F.3d 15 (9th Cir. 1993) (quoting Shannon, 512 U.S. at 579).

Moreover, just as providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion," Shannon, 512 U.S. at 579, so too does providing the jury with information regarding any administrative discipline the HPD already may have imposed on the defendant.  See also, United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991) ("[I]nform[ing] the jury that the court may impose [a] minimum or maximum sentence, will or will not grant probation, . . . or other matters not relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and . . . confuse the issue or issues to be decided.") (quoting Pope v. United States, 298 F.2d 507, 508 (5th Cir. 1962)).  Information regarding punishment must be excluded because "the only possible purpose that would be served by" providing such

information to the jury "would be to invite jury nullification of the law."   <u>United States v.</u> <u>Johnson</u>, 62 F.3d 849, 850-51 (6th Cir. 1995).

**III.    Conclusion**

Any possible probative value of evidence of conclusions from the administrative investigation, discipline, or arbitrator's decision in connection with defendant Russell's use of force against G.H. in Huntsville on December 23, 2011, is far outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury.  Such evidence, and any direct or indirect reference to such evidence, should be excluded pursuant to Rules 402 and 403.

WHEREFORE, the United States respectfully requests that the Court enter an order precluding defendant Russell from referring to or presenting evidence at trial regarding any conclusions from the administrative investigation, discipline, or City Council decision regarding the defendant's use of force against G.H. Huntsville on December 23, 2011.

Respectfully submitted,

s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov

s/ *Xavier O. Carter, Sr.*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov