# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  5:15-CR-00098 |
| | ) | |
| BRETT M. RUSSELL | ) | |

### UNITED STATES'S  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OR REFERENCE TO CIVIL CLAIM BY THE VICTIM

The United States, by its undersigned counsel, respectfully requests that this Court exclude the use of or references and arguments relating to the civil claim filed by the G.H., the victim in this case, except as impeachment evidence to show bias if and when a G.H. testifies. Any other mention or suggestion of a civil claim is irrelevant and highly prejudicial, and therefore inadmissible under Federal Rules of Evidence 401 and 403.  The government requests that this Honorable Court issue an in limine order precluding the defendant from introducing this evidence and further ordering that, should the defendant have reason to believe that modification of this order is necessary or that any evidence described in this motion has become admissible under the rules of evidence, defense counsel refrain from introducing or alluding to the evidence unless he first seek approval of the Court, outside the presence of the jury.  In support of its motion, the government states the following:

### Background

On April 30, 2015, a federal grand jury returned a two count indictment against Brett M. Russell, charging him with civil rights and obstruction of justice-related violations.  Count 1 alleges that the defendant, while acting under color of law, willfully deprived G.H. of his constitutional right to be free from the deprivation of liberty without due process of law by physically assaulting G.H. which resulted in physical injury to G.H.

1

To prove a felony violation of 18 U.S.C. § 242, the government must prove, beyond a reasonable doubt:  (1) that the defendant acted under color of law; (2) that the defendant deprived G.H. of a right secured or protected by the Constitution or laws of the United States; (3) that the defendant acted willfully; and (4) that G.H. suffered bodily harm.  See United States v. Lanier, 520 U.S. 259, 264 (1997) citing Screws v. United States, 325 U.S. 91 (1945).

Count 2 charges that the defendant knowingly falsified a document, namely an incident/investigative report describing the actions of G.H. and the use of force by the defendant on G.H., with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction.

Specifically, the defendant falsely stated, and caused to be falsely stated that: G.H. "kicked at officers"; G.H. "attempted to head butt officers while he was being transported to Officer Russell's vehicle"; G.H. "was told to stop resisting several times, but would not comply with officers"; and G.H. "was transported and booked in the Metro jail without incident." Further, the defendant omitted and caused to be omitted, that defendant had struck G.H. with his fist and kneed G.H. in the body.

To establish a violation of 18 U.S.C. § 1519, the government must prove beyond a reasonable doubt that Russell: (1) falsified, or made a false entry in a record or document; (2) did so knowing it was false, and; (3) did so with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or in contemplation of any such matter or case.  See United States v. Hunt, 526 F.3d 739 (11th Cir.2008); United States v. McQueen, 727 F.3d 144, 1151-1152 (11th Cir. 2013) (discussing statutory elements).

The government will put on evidence at trial that the beating of G.H. by the defendant was for purposes of retaliation or punishment because after being arrested and placed in Officer Carmean's patrol car, G.H. called the defendant and Officer Amanda Carmean names, used profanity, and spit in and kicked out a window in Officer Carmean's car. The evidence at trial will establish that approximately forty minutes after G.H. broke the car window, the defendant dragged a compliant, unresisting, G.H. from the patrol car and beat him with his fist, knee and foot while G.H. hands were cuffed behind his back and he was held face down on the ground by two officers and a high school student in a ride-along program. The evidence at trial will establish that the incident was recorded on audio and video equipment located in Officer Carmean's car. This video evidence will show that the defendant's beating of G.H. was premeditated; that during the hour immediately preceding the beating, the defendant repeatedly stated that he was going to beat G.H. and send him to the hospital.

**Argument**

The government anticipates that the defendant may attempt to introduce into evidence, and possibly refer to in opening statements, evidence of a civil claim brought by G.H. for the beating he suffered.[1] Unless and until a G.H. testifies, evidence of or reference to a civil claim would be offered only for the purpose of misleading or confusing the jury and should therefore be excluded.

Under Federal Rule of Evidence 401, "relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

---

[1] The civil claim was resolved by settlement in 2012. Rule 408 expressly forbids introduction of settlement of claims by either party to prove or disprove the validity of a claim. See Fed. R. Evid. 408; United States v. Arias, 431 F.3d 1327, 1336 (11th Cir. 2005) (holding that rule 408 applies to criminal proceedings). The rule expressly allows introduction of such evidence to prove bias. See Rule 408(a)(1)

Rule 402 states, "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Because evidence of a civil claim could not make the existence of any fact that is of consequence to the determination of this case any more probable or less probable, it is inadmissible. Moreover, the evidence should be excluded under Rule 403 as the effect of admitting such evidence could be to confuse the jury, causing it to substitute the resolution of a civil proceeding for its role in deciding the issues. This risks the jury deciding – to the detriment of the defendant – that the defendant must be guilty because of the settlement of the civil claims. The evidence might also cause the jury to nullify, believing that since G.H. was given money, no harm occurred and that no other person should be held liable. Such use would be prohibited. See United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) ("Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence").

Thus, evidence of or reference to a civil claim should be precluded unless and until G.H. testifies. See United States v. Anderson, 933 F.2d 1261, 1276 (5th Cir. 1991) (upholding exclusion under Rule 403, of pending civil suit); United States v. Freeman, 514 F.2d 1184, 1192 (10th Cir. 1975) (trial court properly excluded as irrelevant references in defense counsel's opening statement to a civil claim filed by the victim); United States v. Elias, 1999 WL 1204529, *2 (D. Idaho 1999) (unpublished) ("Generally, evidence of a civil suit does not have any independent relevance in this [criminal] proceeding. However, if [the civil plaintiff] were to testify in this case, such evidence would be admissible as it pertains to bias and credibility of [the civil plaintiff]."). E.g. Coursey v. Broadhurst, 888 F.2d 338, 343 (5th Cir. 1989) ("[T]he proper

time to impeach a witness…is when that witness is on the witness stand, not during an advocates opening argument to the jury.").

If G.H. testifies, any potential bias on his part becomes an issue and defense counsel would be entitled to question G.H. about any financial gain from the civil claim. However, questions that seek information beyond the mere fact of a claim and the pecuniary gain would be unduly prejudicial and highly misleading to the jury. This is especially so since the claim has been concluded; thus G.H.'s financial interests cannot be affected by his testimony at trial. Thus, any inquiry beyond the fact of the claim and pecuniary gain would be inadmissible under Rule 403. Finally, if the witness being impeached for bias with respect to the civil claim admits the existence of the claim and does not deny the potential bias, no additional evidence should be admitted on the subject. The contents of the complaint filed in the claim are not relevant to this trial.

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court enter an order prohibiting: 1) any reference in the defendant's opening statements to any civil claim filed by G.H.; 2) any reference to the civil claim unless and until G.H. testifies; and 3) any evidence, even if G.H., beyond the fact of, and possible bias related to, the claim.

Respectfully submitted,

s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov

s/ *<u>Xavier O. Carter, Sr.</u>*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov