# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CR. NO.  5:15-CR-00098** |
| ) | |
| **BRETT M. RUSSELL** ) | |
| ) | |

### UNITED STATES'S MOTION *IN LIMINE* TO EXCLUDE
### USE OF IMPROPER "GOOD CHARACTER" EVIDENCE AT TRIAL

The United States, by its undersigned counsel, respectfully requests that this Court exclude evidence of, or reference to, the defendant's specific instances of good conduct, including but not limited to evidence of awards, commendations, or promotions he has received. Such evidence would constitute improper character evidence under the Federal Rules of Evidence and therefore should be excluded. The government requests that this Honorable Court issue an in limine order precluding the defendant from introducing this evidence and further ordering that, should the defendant have reason to believe that modification of this order is necessary or that any evidence described in this motion has become admissible under the rules of evidence, defense counsel refrain from introducing or alluding to the evidence unless he first seek approval of this Honorable Court, outside the presence of the jury.   In support of its motion, the government states the following:

**Background**

On April 30, 2011, a federal grand jury returned a two count indictment against Brett M. Russell, charging him with civil rights and obstruction of justice-related violations.  Count 1 alleges that the defendant, while acting under color of law, willfully deprived G.H. of his

1

constitutional right to be freee from the deprivation of liberty without due process of law by physically assaulting G.H. which resulted in physical injury to G.H.

To prove a felony violation of 18 U.S.C. § 242, the government must prove, beyond a reasonable doubt:  (1) that the defendant acted under color of law; (2) that the defendant deprived S.P. of a right secured or protected by the Constitution or laws of the United States; (3) that the defendant acted willfully; and (4) that S.P. suffered bodily harm.  See United States v. Lanier, 520 U.S. 259, 264 (1997) citing Screws v. United States, 325 U.S. 91 (1945); United States v. House, 684 F.3d 1173, 1198 (11th Cir. 2012) ("To prove a violation of section 242, the government had to present evidence that House acted (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.") (internal quotations and citations omitted).

Count 2 charges that the defendant knowingly falsified a document, namely an incident/investigative report describing the actions of G.H. and the use of force by the defendant on G.H., with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction.

Specifically, the defendant falsely stated, and caused to be falsely stated that: G.H. "kicked at officers"; G.H. "attempted to head butt officers while he was being transported to Officer Russell's vehicle"; G.H. "was told to stop resisting several times, but would not comply with officers"; G.H. "was transported and booked in the Metro jail without incident." Further, the defendant omitted and caused to be omitted, that defendant had struck G.H. with his fist and kneed G.H. in the body.

To establish a violation of 18 U.S.C. § 1519, the government must prove beyond a reasonable doubt that the defendant: (1) falsified, or made a false entry in a record or document;

(2) did so knowing it was false, and; (3) did so with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or in contemplation of any such matter or case.  See United States v. Hunt, 526 F.3d 739 (11thCir.2008);  see also United States v. McQueen, 727 F.3d 1144, 1151 -1152 (11th Cir. 2013) (discussing statutory elements).

The government will put on evidence at trial that the beating of G.H. by the defendant was in retaliation for or punishment because after being arrested and placed in Officer Carmean's patrol car, G.H. called the defendant and Officer Amanda Carmean names, used profanity, spit in and kicked out a window in Officer Carmean's car.  The evidence at trial will establish that approximately forty minutes after G.H. broke the car window, the defendant dragged a compliant, unresisting, G.H. from the patrol car and beat him with his fist, knee and foot while G.H. hands were cuffed behind his back and he was held face down on the ground by two officers and a high school student in a ride-along program.  The evidence a trial will establish that the incident was recorded on audio and video equipment located in Officer Carmean's car.  This video evidence will show that the defendant's beating of G.H. was premeditated; that during the hour immediately preceding the beating, the defendant repeatedly stated that he was going to beat G.H. and send him to the hospital.

**Argument**

The government anticipates that the defendant may introduce argument and evidence at trial of specific instances of good conduct such as evidence of awards, commendations, or promotions he has received during the course of his current and past employment, including recognition of specific duties he performed during his past military service.  This Court should exclude any evidence of specific instances of good conduct or any reference to "good character"

3

evidence on behalf of the defendant because such evidence is improper under Eleventh Circuit precedent and inadmissible under the Federal Rules of Evidence.

      A.      **Reference to Evidence of Specific Acts Showing Good Character on the Part of the Defendant is Inadmissible**

It is well settled in the Eleventh Circuit that "evidence of good conduct is not admissible to negate criminal intent." United States v. Ellisor, 522 F.3d 1255, 1270 (11th Cir. 2008) (district court properly granted government's motion *in limine* to exclude evidence of specific acts of defendant's good character); United States v. Camejo, 929 F.2d 610, 613 (11th Cir. 1991) (district court properly granted government's motion *in limine* to exclude proffered testimony "to portray [defendant] as a good character through the use of prior 'good acts'").

Federal Rule of Evidence 404 generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity with that character trait on a particular occasion. Rule 404(b) specifically states that evidence of other acts "is not admissible to prove the character of a person in order to show action in conformity therewith." See FED. R. EVID. 404(b). The general prohibition of Rule 404 against character evidence contains an exception that governs the admissibility of character evidence relating to the accused.[1] See FED. R. EVID. 404(a)(1). However, this exception permits character evidence only if it relates to a "pertinent," or relevant, character trait. See FED. R. EVID. 404(a)(1). Moreover, Federal Rule of Evidence 405(a) limits evidence of a pertinent character trait to "testimony as to reputation or by testimony in the form of an opinion." FED. R. EVID. 405(a). Proof of specific instances of

---

[1] Rule 404(a)(2) also contains an exception for character evidence concerning the victim and Rule 404(a)(3) contains an exception for character evidence concerning a witness.

conduct is not permitted under the Rule.[2]  See Ellisor, 522 F.3d at 1270-71 (holding "these specific acts of good character were inadmissible under Rules 404(b) and 405(b) to prove [the defendant's] action in conformity therewith"); see also United States v. Marley, 2015 WL 3555793, *3 (11th Cir. 2015) (unpublished) (relying on Ellisor to hold "[i]n addition, evidence of the defendant's good conduct is not admissible to negate his criminal intent.").

In this case, character evidence offered to prove the general good character of the defendant—such as effectiveness, attention to duty, commitment to public service, professionalism, or dedication is not admissible because it is not pertinent to the civil rights and obstruction charges brought against the defendant.  See also United States v. Washington, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was neither "pertinent" to, nor an "essential element" of, bribery, conspiracy, or drug and firearms charges with which he was charged); United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because "the traits which they purport to show -- bravery, attention to duty, perhaps community spirit -- were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused").  Although a defendant's character for law-abidingness is always "pertinent," see

---

[2]  Rule 405(b) permits specific instances of conduct to prove character only in cases in which the character trait at issue is "an essential element of a charge, claim, or defense."  For example, in a defamation or libel case, damage to the reputation of the complainant is an essential element of the charge.  See Schafer v. Time, Inc., 142 F.3d 1361, 1371-72 (11th Cir. 1998).  In this case, the defendants' character is not an essential element of any charge or defense.

United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981),[3] and although the defendant's character for peacefulness or truthfulness may be pertinent in this case, evidence of a defendant's successful performance of his duties as a law enforcement officer or evidence of specific acts during his military service does not constitute evidence of his law-abiding, peaceful, or truthful character.[4] See United States v. Langford, 647 F.3d 1309, 1329 (11th Cir, 2011) (upholding limitations on evidence of the defendant's generosity because there was no evidence that his purported philanthropy "bore in any way on his veracity or law-abidingness.").

**B.  Evidence of Good Character would be Limited to Witness Testimony about the Defendant's Reputation for Truthfulness or Peacefulness**

Even if the defendant could establish a basis for the relevance of evidence of good character, the defendant would still be limited to proving such good character in the form of testimony as to the defendant's reputation or an opinion about the defendant's relevant character trait. See FED. R. EVID. 405(a).  For example, a witness could testify that he is familiar with the defendant's reputation and that the defendant has a reputation for being a law-abiding citizen. The defendant would not be permitted, however, to introduce evidence of, or refer to, any specific instances of good conduct engaged in by the defendant, or to introduce evidence of, or refer to, his good work performance or achievements in general.  Even in the limited

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] To the extent that evidence of the defendant's military service is admissible, specific incidents from his military record should also be admissible as rebuttal evidence under Federal Rules of Evidence 404 and 405. See FED. R. EVID. 404(1)(2)(A) (stating that "if the evidence [of defendant's pertinent character trait] is admitted, the prosecutor may offer evidence to rebut it"); FED R. EVID. 405(a) (permitting inquiry on cross-examination of a character witness into "relevant specific instances of the person's conduct").  In the event the defendant's military service is admitted as character evidence, the government will seek to introduce as rebuttal evidence the Offenses and Punishment Document from the defendant's military record documenting the defendant's punishment for going AWOL and making a false official statement.

circumstances in which character evidence concerning the defendant is admissible, circumstantial evidence that the defendant acted in conformity with a relevant character trait may not be proved by specific instances of good conduct.

Finally, under well established case law, if the defendant's witnesses are permitted to offer character evidence in the form of reputation and opinion testimony regarding the good character of the defendant, the government is permitted under Rule 405(a) to inquire of the witnesses on cross-examination about their knowledge of specific acts of misconduct by the defendant.  See United States v. Adair, 951 F.2d 316, 319 (11th Cir. 1992); see also United States v. Mills, 704 F.2d 1553, 1563 (11th Cir. 1983) (holding that introduction by the defendant of evidence of good character "carries with it the corresponding danger that the prosecution may introduce more persuasive testimony of defendant's bad character."); United States v. Morales De Carty, 300 Fed.Appx. 820, 827, 2008 WL 4997100, *6 (11th Cir. 2008) (unpublished) ("Our circuit has long recognized that the government may cross-examine a witness about relevant specific instances of conduct in cases in which character evidence is elicited on direct examination.").

Here, the government anticipates that the defendant, Brett Russell, will present at trial evidence of the defendant's military service and the duties he performed therein, such as protecting the president and positive employment evaluations, promotion documentation and/or or commendations  from his work personnel file  that reference prior good acts or that otherwise comment upon their purported good character.  The government submits that evidence concerning positive evaluations, promotions, and military service are tantamount to specific acts of good character which are impermissible under the Federal Rules of Evidence and authority cited herein.  As such, the government submits that the Court should exclude these evaluations,

promotion documentation, military service records, and related testimony, and any impermissible argument pertaining to the defendant's good character at trial.[5]

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court enter an order prohibiting any evidence of, reference to, or argument regarding specific instances of good conduct of Brett M. Russell, including in voir dire and opening statements.

Respectfully submitted,

s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov

s/ *Xavier O. Carter, Sr.*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov

---

[5] Moreover, this Court should exclude any argument that the jury should acquit the defendants based upon sympathy or the defendants' good character.  Such argument is tantamount to jury nullification.  It is axiomatic that defense counsel "may not argue jury nullification during closing argument." United States v. Trujillo, 714 F.2d 102, 106 (11th Cir. 1983).