# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  5:15-CR-00098** |
| | ) | |
| **BRETT M. RUSSELL** | ) | |

### UNITED STATES'S  MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO POSSIBLE SENTENCE ON CONVICTION

The United States, by its undersigned counsel, respectfully requests that this Court exclude all direct or indirect reference to the sentences that might be imposed if the defendants are convicted of the offenses charged.  Such references are expressly inadmissible, are irrelevant and would be unfairly prejudicial.  In support of its motion, the government states the following:

It is well established that, unless the jury has a role in sentencing, in reaching its verdict, the jury is not to consider what sentence might be imposed.  Shannon v. United States, 512 U.S. 573, 579 (1994) (citing Rogers v. United States, 422 U.S. 35, 40 (1975)).  This principle "is a reflection of the basic division of labor in our legal system between judge and jury.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.  The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict."  Shannon, 512 U.S. at 579.  See also, Pope v. United States, 298 F.2d 507, 508 (5th Cir. 1962) ("Unless otherwise provided by statute, it is the duty of the court to impose sentence . . . after the facts have been decided by the jury.").[1]  Therefore, information regarding what sentence might be imposed following a guilty verdict is "irrelevant to the jury's

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

task," Shannon, 512 U.S. at 579, and the jury is not to consider the potential punishment which could result from conviction.  United States v. Cox, 696 F.2d 1294, 1298-99 (11th Cir. 1983). See also United States v. Del Toro, 426 F.2d 181, 184 (5th Cir.) (jury instructions on sentencing are inappropriate), cert. denied, 400 U.S. 829 (1970); United States v. Johnson, 62 F.3d 849, 850-51 (6th Cir. 1995); United States v. Broxton, 926 F.2d 1180, 1183 (D.C. Cir.), cert. denied, 499 U.S. 911 (1991); United States v. Parrish, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute specifically requires jury participation in determining punishment, jury shall not be informed of possible penalties); United States v. Delgado, 914 F.2d 1062, 1067 (8th Cir. 1990).

Moreover, "[t]o inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided."  Pope, 298 F.2d at 508.  Thus, providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion."  Shannon, 512 U.S. at 579.  Indeed, it has been recognized that "the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law."  Johnson, 62 F.3d at 850-51.  Just as it would be improper for the court to instruct the jury as to its power to nullify, "[an] attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible."  United States v. Manning, 79 F.3d 212, 219 (1st Cir.), cert. denied, 519 U.S. 853 (1996).

In summary, because possible penalties are irrelevant to the jury's consideration of guilt, reference – either direct or indirect – to the possible sentences upon conviction would serve only

to confuse and distract the jury from its proper role and therefore would prejudice the United States.  In keeping with these considerations, the Eleventh Circuit explicitly has held that it "prefers no reference to sentencing whatsoever."  Cox, 696 F.2d at 1298-99.

      WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court enter an order prohibiting any reference to, or comment regarding, what sentence might be imposed following conviction of the offenses charged, including during voir dire and opening statements.

      Respectfully submitted,

s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov


s/ *Xavier O. Carter, Sr.*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov