IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  5:15-CR-00098 |
| | ) | |
| BRETT M. RUSSELL | ) | |

**UNITED STATES MOTION *IN LIMINE* TO PRECLUDE
DEFENDANT FROM ARGUING FOR JURY NULLIFICATION**

The United States, by its undersigned counsel, respectfully requests that this Court preclude the defendant from arguing for jury nullification. In support of its motion, the government states the following:

**Background**

On April 30, 2015, a federal grand jury returned a two count indictment against Brett M. Russell, charging him with civil rights and obstruction of justice-related violations. Count 1 alleges that the defendant, while acting under color of law, willfully deprived G.H. of his constitutional right to be free from the deprivation of liberty without due process of law by physically assaulting G.H. which resulted in physical injury to G.H.

To prove a felony violation of 18 U.S.C. § 242, the government must prove, beyond a reasonable doubt:  (1) that the defendant acted under color of law; (2) that the defendant deprived G.H. of a right secured or protected by the Constitution or laws of the United States; (3) that the defendant acted willfully; and (4) that G.H. suffered bodily harm.  See United States v. Lanier, 520 U.S. 259, 264 (1997) citing Screws v. United States, 325 U.S. 91 (1945).

Count 2 charges that the defendant knowingly falsified a document, namely an incident/investigative report describing the actions of G.H. and the use of force by the defendant

1

on G.H., with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within the jurisdiction of the Federal Bureau of Investigation.

Specifically, the defendant falsely stated, and caused to be falsely stated that: G.H. "kicked at officers"; G.H. "attempted to head butt officers while he was being transported to Officer Russell's vehicle"; G.H. "was told to stop resisting several times, but would not comply with officers"; and G.H. "was transported and booked in the Metro jail without incident." Further, the defendant omitted and caused to be omitted, that defendant had struck G.H. with his fist and kneed G.H. in the body.

To establish a violation of 18 U.S.C. § 1519, the government must prove beyond a reasonable doubt that Russell: (1) falsified, or made a false entry in a record or document; (2) did so knowing it was false, and; (3) did so with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or in contemplation of any such matter or case. See United States v. Hunt, 526 F.3d 739 (11th Cir.2008); United States v. Ionia Management, 498 F. Supp 2d 477 (D. Conn. 2007).

The government will put on evidence at trial that the beating of G.H. by the defendant was in retaliation or punishment for G.H's earlier name-calling and vandalism to another officer's patrol car. The evidence at trial will establish that G.H. was arrested, handcuffed and placed in the rear seat of Huntsville Police Officer Amanda Carmena's patrol car. The defendant was assisting Officer Carmean. After being placed in Officer Carmean's car, G.H. called officers names, used profanity toward officers, spit in the back seat of the patrol car and ultimately kicked out one of the rear side windows. Approximately forty minutes after G.H. broke the a rear side car window, the defendant dragged a compliant, unresisting, G.H. from the patrol car and beat him with his fist, knee and foot while G.H. hands were cuffed behind his back

and he was held face down on the ground by two officers and a high school student in a ride-along program.  The evidence at trial will establish that the incident was recorded on audio and video equipment located in Officer Carmean's car.  This video evidence and witness testimony will show that the defendant's beating of G.H. was premeditated; that during the hour immediately preceding the beating, the defendant repeatedly stated that he was going to beat G.H. and send him to the hospital and that at the time of the beating G.H. was compliant and did not resist.

**Argument**

"Jury nullification" occurs when a jury acquits a defendant based on some consideration other than an honest application of the facts to the law.  The jury's duty is to evaluate the facts in light of the Court's instruction on the law.  See United States v. Trujillo, 714 F.2d 102, 106 (11th Cir. 1983).  "Although a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than facts in evidence."  United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996) (holding "defense counsel is not entitled to urge the jury to exercise [the] power" of nullification).  Because any action taken by the jury to disregard the law would be a "dereliction of the jury's sworn duty," United States v. Funches, 135 F.3d 1405, 1408 (11th Cir. 1998), the Defendant and his counsel must, at all times, limit their statements and arguments to "principles that will later be incorporated and charged to the jury."  Trujillo, 714 F.2d at 106; see also United States v. Moylan, 417 F.2d 1002, 1006 (4th Cir. 1969); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding that a trial judge "may block defense attorneys' attempts to serenade the jury with a siren song of nullification").

Accordingly, the Defendant, his counsel, and any witness should not be allowed to make any reference, statement, argument, or question that proposes G.H. is unworthy of the law's

protection or that the defendant should be acquitted for reasons other than the relevant law and facts in evidence.

**Conclusion**

WHEREFORE, the government respectfully requests that this Court grant the governments motion, as stated herein.

.                              Respectfully submitted,


s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov


s/ *Xavier O. Carter, Sr.*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov