# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 5:15-CR-00098** |
| | ) | |
| **BRETT M. RUSSELL** | ) | |
| | ) | |

## UNITED STATES'S MOTION *IN LIMINE* TO EXCLUDE
## USE OF CRIMINAL RECORD OR CHARACTER EVIDENCE OF VICTIM AT TRIAL

The United States, by its undersigned counsel, respectfully requests that this Court exclude any reference to or introduction of evidence about victim G.H.'s prior arrests and any other "specific acts of misconduct" because, under the Federal Rules of Evidence, such evidence is inadmissible character evidence and improper impeachment evidence. The government hereby moves that this Honorable Court issue a motion in limine fprecluding defense counsel from referring – in opening, during cross-examination, or during the direct testimony of defense witnesses – to evidence that will not be presented at trial. Specifically, the government anticipates that the defense attorney might plan to refer in opening statement to the criminal history of G.H., who may not be called as a witness in this trial.

The government further requests that this Honorable Court order that should the defendant have reason to believe that modification of this order is necessary or that any evidence described in this motion has become admissible under the rules of evidence, defense counsel refrain from introducing or alluding to the evidence unless he first seek approval of this

Honorable Court, outside the presence of the jury. In support of its motion, the government states the following:

**Background**

On April 30, 2015, a federal grand jury returned a two count indictment against Brett M. The defendant, charging him with civil rights and obstruction of justice-related violations. Count 1 alleges that the defendant, while acting under color of law, willfully deprived G.H. of his constitutional right to be free from the deprivation of liberty without due process of law by physically assaulting G.H. which resulted in physical injury to G.H.

To prove a felony violation of 18 U.S.C. § 242, the government must prove, beyond a reasonable doubt: (1) that the defendant acted under color of law; (2) that the defendant deprived S.P. of a right secured or protected by the Constitution or laws of the United States; (3) that the defendant acted willfully; and (4) that S.P. suffered bodily harm. See United States v. Lanier, 520 U.S. 259, 264 (1997) citing Screws v. United States, 325 U.S. 91 (1945); United States v. House, 684 F.3d 1173, 1198 (11th Cir. 2012) ("To prove a violation of section 242, the government had to present evidence that House acted (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.") (internal quotations and citations omitted).

Count 2 charges that the defendant knowingly falsified a document, namely an incident/investigative report describing the actions of G.H. and the use of force by the defendant on G.H., with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction.

Specifically, the defendant falsely stated, and caused to be falsely stated that: G.H.

"kicked at officers"; G.H. "attempted to head butt officers while he was being transported to Officer The defendant's vehicle"; G.H. "was told to stop resisting several times, but would not comply with officers"; G.H. "was transported and booked in the Metro jail without incident." Further, the defendant omitted and caused to be omitted, that defendant had struck G.H. with his fist and kneed G.H. in the body.

To establish a violation of 18 U.S.C. § 1519, the government must prove beyond a reasonable doubt that The defendant: (1) falsified, or made a false entry in a record or document; (2) did so knowing it was false, and; (3) did so with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or in contemplation of any such matter or case. See United States v. Hunt, 526 F.3d 739 (11th Cir.2008); See also, United States v. McQueen, 727 F.3d 1144, 1151-1152 (11th Cir. 2013) (discussing statutory elements).

The government will put on evidence at trial that the beating of G.H. by the defendant was in retaliation or punishment for G.H's earlier name-calling and vandalism to another officer's patrol car. The evidence at trial will establish that G.H. was arrested, handcuffed and placed in the rear seat of Huntsville Police Officer Amanda Carmena's patrol car. The defendant was assisting Officer Carmean. After being placed in Officer Carmean's car, G.H. called officers names, used profanity toward officers, spit in the back seat of the patrol car and ultimately kicked out one of the rear side windows. The force that forms the basis of the indictment did not occur at that time. Approximately thirty-five minutes after G.H. broke the a rear side car window, the defendant dragged a compliant, unresisting, G.H. from the patrol car and beat him with his fist, knee and foot while G.H. hands were cuffed behind his back and he

was held face down on the ground by two officers and a high school student in a ride-along program. The evidence elicited at trial will establish that the incident was recorded on audio and video equipment located in Officer Carmean's car. This video evidence will show that the during the hour immediately preceding the beating, the defendant repeatedly stated that he was going to beat G.H. and send him to the hospital and that G.H. was compliant and did not resist.

**Argument**

The government anticipates that the defendant may introduce argument and evidence at trial of victim G.H.'s prior arrests and other "specific acts of misconduct." The government anticipates that the defendant might attempt to put the victim on trial as part of his defense by attempting to refer to, or introduce into evidence, G.H.'s prior arrests or his underlying acts of misconduct. Although such evidence might be admissible to impeach G.H. if he took the stand, unless and until he does so it may not be discussed by counsel. In the absence of G.H.'s testimony, such evidence is inadmissible under the Federal Rules of Evidence and any reference to or evidence about G.H's prior arrests, acts of misconduct, or otherwise "bad character" should be precluded.

    **A.**    **Evidence Admitted Solely for Impeachment may not be discussed until admitted**

The admissibility of a witness' prior convictions is governed by the Federal Rules of Evidence 609, which permits the use of evidence of certain convictions to attack the credibility of a witness who testifies at trial. Under Rule 609, a testifying witness may be impeached with evidence of prior crimes from the past ten years if those crimes are either punishable by more than a year in prison or involve dishonesty, so long as the probative value of the evidence outweighs its prejudicial effect. Fed. R. Evid. 609. Under Rule 608(b) a trial court

may permit questioning about a witness' prior bad acts on cross-examination, if the acts bear on the witnesses' character for truthfulness.  United States v. Matthews, 168 F. 3d 1234, 1244 (11th Cir. 1999).

However, a witness' credibility is not at issue, and that witness is not eligible for impeachment, unless and until he testifies at trial.  Coursey v. Broadhurst, 888 F.2d 338, 343 (5th Cir. 1989).  ([T]he proper time to impeach a witness with a prior…conviction is when that witness is on the witness stand, not during an advocate's opening argument to the jury.").  Until such time as the witness takes the stand, any mention of his or her criminal convictions would amount to improper impeachment evidence, impermissible under the Federal Rules of Evidence and should be excluded.[1]

### B.     Reference to or Evidence of the Victim's Prior Arrests or Specific Acts of Misconduct is Inadmissible

Reference to or evidence of the victim's prior arrests and specific acts of misconduct should be precluded for several reasons.  First, this constitutes inadmissible bad character evidence under Federal Rule of Evidence 404(a) because the evidence does not relate to a "pertinent," or relevant, character trait of the victim.  Fed. R. Evid. 404(a).  Second, even if the evidence related to a pertinent trait, evidence of the victim's specific acts of misconduct would still be inadmissible because Rule 405 allows evidence only as to the reputation of the victim or to a witness's opinion of the victim's character; the Rule prohibits the introduction of evidence

---

[1] Moreover, if G.H. takes the stand, any impeachment of that witness by criminal convictions must strictly conform to the time and subject matter requirements of Rule 608 and 609.  For example, the defendant may not introduce extrinsic evidence of prior bad acts to attack a witness' character for truthfulness.  Matthews, 168 F.3d at 1244 ("Where impeachment is concerned, Rule 608(b) provides that the trial court may in its discretion permit questioning about a witnesses bad acts on cross-examination, if the acts bear on the witness' character for truthfulness.  If the witness denies the conduct, such acts may not be proved by extrinsic evidence and the questioning party must take the witness' answer."

relating to specific instances reflecting the character trait. Fed. R. Evid. 405. Finally, even if evidence of the victim's character were both pertinent and offered in the proper form, it should still be precluded, pursuant to Rule 403, because the minimal probative value of such evidence would be substantially outweighed by the risk of unfair prejudice to the government and the danger of misleading and confusing the jury into believing that the victim's conduct is on trial.

### 1. References to or Evidence of the Victim's Prior Arrests or Specific Acts of Misconduct is Inadmissible Character Evidence

Rule 404(a) of the Federal Rules of Evidence generally prohibits evidence of a person's character to prove that the person acted in conformity with the character on a particular occasion. See Rule 404(a); United States v. Adigun, 567 Fed. Appx. 708, 717 (11th Cir. 2014) (unpublished) ("Rule 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").This Rule is "based upon the assumption that such evidence is of slight probative value yet very prejudicial." Reyes v. Missouri Pacific Railroad Company, 589 F.2d 791 (5th Cir. 1979).[2] As the Advisory Committee's Notes to the Federal Rules of Evidence explain, the admission of character evidence is highly disfavored:

> . . . character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404 advisory committee's note. This is particularly true regarding evidence of a victim's character, since "[l]earning of the victim's bad character could lead the jury to think the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

victim merely 'got what he deserved' and to acquit for that reason." McCormick on Evidence, § 193 at 572 (Cleary ed. 1984). As the Eleventh Circuit has observed, the purpose of Rule 404(a) and Rule 405 (governing methods of proving character) is "to insure that the ultimate decision of the fact finder is based on the merits of the case and not on the personalities involved." United States v. Reed, 700 F.2d 638, 645 (11th Cir. 1983)

In keeping with this purpose , Rule 404(a) establishes a "broad prohibition on the introduction of character evidence," subject to certain defined exceptions, See United States v. Stephens, 365 F. 3d 967, 975 (11th Cir. 2004).

One of these exceptions concerns the admissibility of character evidence relating to the victim.[3] See Fed. R. Evid. 404(a)(2). This exception specifies that such evidence is admissible only if it relates to a "pertinent" character trait. See Fed. R. Evid. 404(a)(2). A pertinent character trait is defined as one that is "relevant." See United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981) (citation omitted); United States v. John, 309 F.3d 298 (5th Cir. 2002). In cases in which the defendant is charged with assaultive behavior, for example, courts have held that the victim's character for violence or dangerousness can be relevant and admissible, if there is a true question as to whether the defendant acted in self-defense. See, e.g., United States v. Drapeau, 644, F.3d 646, 659-660 (8th Cir. 2011) ("Under the Rule, the defendant is permitted to introduce evidence of the victim's character for aggressiveness (subject to the limitations on form provided by Rule 405), to create the inference that the victim acted in accordance with that character trait on the occasion in question"); United States v. Greschner 647 F.2d 740, 741 (7th Cir. 1981) ("the question becomes whether the victim's [prior violent conduct makes] the

---

[3] Rule 404(a)(2) contains an exception for character evidence concerning the defendant and Rule 404(a)(3) contains an exception for character evidence concerning a witness.

existence of the fact in issue that he had a violent character more probable. We conclude that such evidence does make the existence of that fact more probable. [It] is relevant to the defendant's theory of self-defense in that it makes his version that the victim attacked him 'more probable'"); Smith v. United States, 161 U.S. 85 (1896) (evidence of victim's reputation for violence is admissible to support a claim of self-defense, particularly if the reputation of the victim is known to the defendant). In this case, however, the evidence is inadmissible because the defense cannot establish that there is a true question about whether the victim acted in self-defense.

Evidence of the victim's character for violence would be inadmissible unless and until the defendants laid a proper foundation to suggest that the defendants' beating of the victim was necessary or justified because, <u>at the time of the attack</u>, the victim was assaulting, resisting, or threatening an officer.[4] Without such a basis having been laid, the victim's character for violence would be irrelevant and therefore not pertinent. See 1 Warton's Criminal Evidence § 137 (14th ed. 1985) ("After the defendant has laid a proper foundation by adducing some evidence tending to show that he acted in self-defense, he may introduce evidence of the turbulent and dangerous character of the victim."). See also, United States v. Branch, 91 F.3d 699, 711 -714 (5th Cir. 1996) (trial court may refuse to give requested jury instruction on self-defense when self-defense lacks sufficient foundation in the evidence); United States v.

---

[4] In the Eleventh Circuit, self-defense is an affirmative defense, and the "burden is on the defendant to prove justification by a preponderance of the evidence." See United States v. Flores, 572 F.3d 1254, 1266 (11th Cir. 2009). "Generally, self-defense is a defense which justifies the use of a reasonable amount of force against an adversary when a personal reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of force is necessary to avoid this danger." United States v. Middleton, 690 F.2d 820, 826 (11th Cir. 1982).

Fontanez-Mercado, 368 F. App'x. 69, *7 (11th Cir. 2010 (unpublished) (holding that defendant was not entitled to self-defense jury instruction because evidence did not support an instruction).

In this case, the government will present evidence, through a video recording of the incident that the defendant's beating of the victim was not done in self-defense or in the defense of others. The government will present evidence that during the hour prior to the beating; the defendant stated repeatedly that he was going to beat the victim.[5] The government will also produce evidence that the victim, whose hands were cuffed behind his back, was compliant and not resisting when the defendant dragged him forcefully from the rear seat of a police car. The government's evidence will show that the defendant beat G.H. while he was held face down on the ground by two officers who held his legs and applied shackles, and a high school student in a ride-along program who pinned his upper body and head to the ground. Because the victim presented no threat to the defendant and provided no resistance to the attack evidence of any character trait he might have had for violence is not "pertinent" to this case, and therefore falls outside Rule 404(a)(2)'s exception for admission of character evidence of the victim. Given the existence of this evidence, any evidence that G.H. has an aggressive character is of little probative value as the jurors may see for themselves how G.H. and the defendant were acting at the time of the incident. The evidence is , however, highly prejudicial as it risks the jurors rendering a verdict based upon the personalities of the defendant and G.H., specifically upon their perception that G.H. was a dislikeable person who deserved to be a crime victim.

---

[5] I'm going to knock him out; I've got something for him right in the kidney; I'm not going to wait; He's going to HH; You already know what's going to happen; It's going down; He's not going to jail, he's going HH (Huntsville Hospital); When the door opens boom, I'm laying into him, I'm not going to wait. (These statements are not exact quotes as I have omitted the defendant's profanity.)

>   **2.    Evidence Concerning the Victim's Arrest Record or Specific Acts of Misconduct is Inadmissible Because its Prejudicial Effect Far Outweighs any Probative Value.**

Even if the Court were to find that the victim's record of misconduct reflected a character for violence, and that the defendant had laid a proper foundation to establish that a character for violence was pertinent in this case, evidence—in any form—of the victim's history of misconduct should nevertheless be excluded because it is of extremely limited probative value and is unduly prejudicial and likely to confuse or mislead the jury.  See Fed. R. Evid. 403.

Rule 403 provides that:

> [E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

See United States v. Johnson, 558 F.2d 744, 746 (5th Cir. 1977) ("Even if we assume that [such] evidence is logically relevant to any issue in the case, our inquiry cannot end there. Under Federal Rule of Evidence 403, admissibility is predicated on more than mere logical relevance."). In Johnson, the Court held that the trial court properly excluded in a criminal case relevant evidence that appealed to the emotions of the jury because it could have been unduly prejudicial to government's case.  558 F.2d at 746.  See also, United States v. Davila, 704 F.2d 749 (5th Cir. 1983) (trial court properly excluded, under Rule 403, evidence of the victims' prior sexual activities when defendant Border Patrol agents were charged with conspiring to deprive illegal aliens of their constitutional rights by coercing sexual favors from them).

In this case, any underlying acts of the victim's misconduct, if deemed relevant, should be excluded under Rule 403 because any remote probative value it could have is far outweighed by the dangers of unfair prejudice and misleading the jury.  Reference to or introduction of the

victim's prior misconduct would serve only the improper purpose of appealing to the emotions of the jury in an attempt to make the jury dislike the victim and acquit for that reason. Like other circuits, the Eleventh has held that a criminal defendant is not entitled to argue jury nullification. See United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) (criminal defendant not entitled to admission of evidence for purpose of jury nullification). The prejudicial effect of this evidence strongly outweighs any probative value, particularly because in this case there are several witnesses to the events. Therefore any circumstantial evidence as to how the victim may have acted on other occasions, unlike the occasion at issue, is of little probative value.

Moreover, false allegations about the victim's character or martial abilities should be excluded under Rule 403. Allowing any discussion of the defendant's false beliefs about the victim, [e.g. that he was an experienced martial artist], would further confuse and mislead the jury. It would also cause the collateral issue of the untruthfulness of those beliefs to be litigated in this trial, distracting the jury from the question of the defendant's guilt.

### 3. Any Character Evidence Must be Limited to Testimony as to Reputation or Testimony in the Form of an Opinion.

Even if evidence of the victim's prior misconduct were pertinent, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Proof of specific instances of conduct is not permitted. See United States v. John, 309 F.3d 298 (5th Cir. 2002).[6]

---

[6] Rule 405(b) permits specific instances of conduct to prove character, only in cases in which the character trait at issue is "an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). Rule 405(b) applies in cases "in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion." Fed. R. Evid. 405 advisory committee's note. Thus, for example, proof of specific acts of violence might be admissible in a libel case where the defendant has called the victim a violent person and where

Thus, even if the victim's prior misbehavior reflected a character for violence, and the defendant established a basis for this evidence being relevant, the defendant would still be limited to proving the victim's character through testimony as to the victim's reputation or testimony in the form of an opinion about the victim's character for violence.  Defendant would not be permitted, pursuant to Rule 405, to introduce evidence as to any specific instances of misconduct committed by the victim or to make reference to his arrest record in general.  Even in the limited circumstances in which character evidence is admissible, circumstantial evidence that the victim acted in conformity with a pertinent character trait may not be proved by instances of specific conduct.

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court enter an order precluding the defendants from making reference to, introducing evidence of or making arguments about victim G.H.'s prior arrests and any other "specific acts of misconduct."

---

the victim's character for violence is thus an essential element of the case, but such evidence is inadmissible, where, as in this case, it is offered only as circumstantial evidence of violence. See, e.g., United States v. Keiser, 57 F.3d 847, 856 (9th Cir. 1995) (holding a victim's character was not an essential element of the defendant's self-defense claim, reasoning that even if the defendant had conclusively proven that the victim had a violent character, the jury could still have found the defendant guilty of an assault); United States v. Talamante, 981 F.2d 1153, 1156 (10th Cir. 1992) (holding that "when character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character, Rule 405 allows proof of character only by reputation and opinion"); United States v. Gulley, 526, F.3d 809, 819 (5th Cir. 2008) (finding that victim's "character was not an essential element of the self defense claim in the "strict sense" because a self defense claim may be proven regardless of whether the victim has a violent or passive character").

Respectfully submitted,


s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov


s/ *Xavier O. Carter, Sr.*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov