FILED

2015 Jul-20  PM 05:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 5:15-CR-00098** |
| | ) | |
| **BRETT M. RUSSELL** | ) | |
| | ) | |

## UNITED STATES'S  MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF VIDEOTAPED CONVERSATION AT TRIAL

The United States, by its undersigned counsel, respectfully requests that this Court prohibit the introduction into evidence of the videotaped portions capturing: (1) the conversations between the Defendant and victim Gary Hopkins's wife; and (2) Officer Carmean's two phone calls regarding the welfare of G.H.'s children. These conversations are fully explained in the attached **Exhibit A**.  The government maintains that the conversations captured on these videotaped portions are irrelevant and, under the Federal Rules of Evidence, are inadmissible as such.  Further, even if the conversations were relevant, Federal Rule of Evidence 403 allows for relevant evidence to be excluded when the probative value of such evidence would be substantially outweighed by various dangers.  In support of its motion, the government states the following:

**Background**

On April 30, 2011, a federal grand jury returned a two count indictment against Brett M. Russell, charging him with civil rights and obstruction of justice-related violations.  Count 1 alleges that the Defendant, while acting under color of law, willfully deprived G.H. of his

constitutional right to be free from the deprivation of liberty without due process of law by physically assaulting G.H. which resulted in physical injury to G.H.

To prove a felony violation of 18 U.S.C. § 242, the government must prove, beyond a reasonable doubt:  (1) that the Defendant acted under color of law; (2) that the Defendant deprived G.H. of a right secured or protected by the Constitution or laws of the United States; (3) that the Defendant acted willfully; and (4) that G.H. suffered bodily harm.  See United States v. Lanier, 520 U.S. 259, 264 (1997) citing Screws v. United States, 325 U.S. 91 (1945).

Count 2 charges that the Defendant knowingly falsified a document, namely an incident/investigative report, describing the actions of G.H. and the use of force by the Defendant on G.H., with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction.

Specifically, the Defendant falsely stated, and caused to be falsely stated that: G.H. "kicked at officers"; G.H. "attempted to head butt officers while he was being transported to Officer Russell's vehicle"; G.H. "was told to stop resisting several times, but would not comply with officers"; G.H. "was transported and booked in the Metro jail without incident." Further, the defendant omitted and caused to be omitted, that defendant had struck G.H. with his fist and kneed G.H. in the body.

To establish a violation of 18 U.S.C. § 1519, the government must prove beyond a reasonable doubt that Russell: (1) falsified, or made a false entry in a record or document; (2) did so knowing it was false, and; (3) did so with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or in contemplation of any such matter or case.  *See United States v. Hunt,* 526 F.3d 739 (11th Cir.2008); *United States v. Ionia Management,* 498 F. Supp 2d 477 (D. Conn. 2007).

The government will put on evidence at trial that the beating of G.H. by the Defendant was in retaliation or punishment for G.H's earlier name-calling and vandalism to another officer's patrol car.  The evidence at trial will establish that G.H. was arrested, handcuffed and placed in the rear seat of Huntsville Police Officer Amanda Carmean's patrol car.  The Defendant was assisting Officer Carmean.  After being placed in Officer Carmean's car, G.H. called officers names, used profanity toward officers, spit in the back seat of the patrol car and ultimately kicked out one of the rear side windows.  Approximately forty minutes after G.H. broke the a rear side car window, the Defendant dragged a compliant, unresisting, G.H. from the patrol car and beat him with his fist, knee and foot while G.H.'s hands were cuffed behind his back and he was held face down on the ground by two officers and a high school student in a ride-along program.  The evidence at trial will establish that the incident was recorded on audio and video equipment located in Officer Carmean's car.  This video evidence will show that the Defendant's beating of G.H. was premeditated; that during the hour immediately preceding the beating, the defendant repeatedly stated he was going to beat G.H. and send him to the hospital and that G.H. was compliant and did not resist.

**Argument**

The government anticipates the Defendant will seek to admit the video and audio recording in its entirety into evidence at trial in an attempt to appeal to juror sentimentality for children and victims of domestic abuse and away from the relevant issues before the Court.  The video captures the Defendant having a conversation with G.H's wife about her relationship with G.H. and the welfare of their children. In addition, Officer Carmean makes two phone calls—one of them being to a DHR worker—that go into extensive detail about the welfare of the victim's children. The government believes that statements made on these portions of the video may

emotionally inflame and ultimately sidetrack the jurors and potentially lead them to base their decision-making on factors other than those instructed by the Court. For the reasons stated below, the government requests that these portions of the video be redacted and excluded from evidence.

### A. The Conversations are Irrelevant.

According to the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is irrelevant if it neither increases nor decreases the probability of a material fact. Fed. R. Evid. 401. That is the case here, where statements about the victim's relationship with his wife, possible domestic abuse, and statements about the victim's children are extraneous and irrelevant to the issues the jury is to decide. In a case with a fact pattern similar to the one here, the Eleventh Circuit affirmed the exclusion of portions of video evidence related to domestic violence, finding that "evidence about Collins' domestic dispute posed a disproportionate risk of . . . sidetracking the trial regarding the *irrelevant* question of whether or not Collins engaged in spousal abuse." *United States v. Henderson*, 409 F.3d 1293, 1298 (11th Cir. 2005). *See also United States v. Midyett*, 256 F.R.D. 332, 335–36 (E.D.N.Y. 2009)) (holding that the portion of the video containing a conversation between the defendant, a confidential informant and a third person about subjects unrelated to drugs was irrelevant and inadmissible).

Similar to *Henderson*, allowing the two conversations between the Defendant and G.H.'s wife into the present case will likely sidetrack the jury regarding the irrelevant questions of what kind of father and husband G.H. is. (Conversations #1 and #3, Ex. A). In addition, like *Midyett*, the conversations between the Defendant and G.H.'s wife focus on topics unrelated to the Defendant's actions toward G.H., such as who was going to watch the children, the fitness of the

mother, the Defendant's love for children, and what the children received for Christmas last year. *Id.* Throughout these conversations, the Defendant and Officer Carmean make statements that are not relevant to the Defendant's later actions toward G.H. For example, at one point the Defendant states, regarding the victim's wife, that "I don't think she cares…I'm disappointed, man." (Transcript of Recorded Conversation at 22, Dec. 23, 2013.) The Defendant repeatedly questions G.H.'s wife: "Why are you back here?" *Id.* at 28. The Defendant's statements cover a wide range of topics, but none are relevant to this present case.

Similarly, Officer Carmean's two phone conversations that are described in Exhibit A carry the same risk of sidetracking the jury from the issues in this case. Her first phone conversation is with a DHR worker, and she is describing G.H.'s wife as intoxicated and unable to take care of the children. (Conversation #2, Ex. A.) Her second phone conversation, this time with an unknown individual, also focuses on the children's welfare and G.H.'s wife's fitness as a mother. (Conversation #4, Ex. A.) Both of these conversations are irrelevant to the material facts of the case and should be excluded. The Defendant is not present during either of these conversations and is not mentioned during these conversations. Similar to the conversations in *Midyett* and *Henderson,* these conversations may distract the jury towards irrelevant topics by shifting their focus towards the children's welfare, which may influence their own judgment of the Defendant's behavior. Furthermore, these conversations bring in new and irrelevant information, such as the children's ages, that may also distract the jury.

Nothing in these conversations makes it more or less probable that the Defendant violated 18 U.S.C. § 242 or obstructed justice by falsifying the incident report. Furthermore, these conversations are not necessary to put the remainder of the video in context. These conversations are irrelevant to the material facts of the case and should be excluded under Rule 402.

**B. Even if Deemed Relevant, the Probative Value of the Conversations is Substantially Outweighed by a Danger of Misleading the Jury, Wasting Time, and Unfair Prejudice.**

As discussed *supra*, irrelevant evidence is inadmissible.  In some cases, however, relevant evidence may also be excluded if the probative value of the evidence is substantially outweighed by dangers such as unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.  This holds true even when faced with the rule of completeness.  Federal Rule of Evidence 106 states that when a recorded statement or part thereof is introduced by a party, an adverse party may require any other part of the recorded statement be introduced that, in fairness, ought to be considered.  However, "the rule permits introduction only of additional material that is *relevant and* is *necessary to qualify, explain, or place into context* the portion already introduced." *United States v. Langford*, 647 F.3d 1309, 1330 (11th Cir. 2011) (emphasis added).

To illustrate this principle, in a drug conspiracy case the district court admitted a rap video the government introduced.  *United States v. Gamory*, 635 F.3d 480, 488 (11th Cir. 2011). The circuit court reversed, concluding that, though the video was relevant, it was "heavily prejudicial" because it "could reasonably be understood as promoting a violent and unlawful lifestyle."  *Id.* at 493.  The court explained that the rap video was not clearly probative of the defendant's guilt, thus, under 403 the prejudice greatly outweighed any probative value.  *Id.*; *see also United States v. Bidwell*, 2011 WL 839369, at *1 (M.D. Fla. 2011) (holding that video revealing the defendant's interest in seeking sex from adult women was properly excluded under 403 in this sexual inducement of minors case because it would have confused the issues for the jury).  *Compare United States v. Pickett*, 602 F. App'x. 774, 778–79 (11th Cir. 2015) (affirming the district court's decision in a child pornography case to admit video from the defendant's

computer, finding that the probative value outweighed the prejudicial effect).  Lastly, returning to *Henderson*, the court explained that even if the impeachment evidence were relevant, "impeachment evidence of violent spousal abuse is 'particularly likely to incite a jury to an irrational decision'" and should be excluded under 403.  *Henderson*, 409 F.3d at 1298 (quoting *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir. 1999)).

In the present case, the conversations between the Defendant and the G.H's wife are likely to result in a number of 403 dangers that should concern the Court. Like *Gamory*, the conversations are not "clearly probative of the defendant's guilt." To the contrary, the prejudice of the conversations far outweighs any probative value it may have. These conversations are full of emotional statements, such as the Defendant commenting: "If those kids are dropped off right now, they couldn't fend for themselves, could they [?]" (Tr. of Recorded Conversations at 30.) Allowing these conversations into evidence would confuse the jury, waste time, and likely mislead the jurors into an irrational response. Similar to what the courts in *Bidwell* and *Henderson* determined, the Defendant's emotions during these conversations may taint the juror's perceptions and cloud their ability to judge the matter on the merits of the case.

Furthermore, Officer Carmean's phone conversations carry the same 403 dangers. These conversations do not mention or involve the Defendant; thus, similar to *Gamory*, the conversations are not probative of the defendant's guilt. In addition, the subject matter of these conversations—ranging from the young age of the children to the children's home life with their parents—contains prejudice that far outweighs any probative value it may have. Allowing these conversations into evidence would likely incite emotional responses from the jury that may hinder their ability to fairly judge this case.

The issue in this case does not concern the children's welfare or what kind of father and husband G.H. is. Rather, the issues are the Defendant's willfulness in his conduct towards G.H. and G.H.'s rights; the Defendant and G.H. are the only two people of concern. Unlike *Pickett* where the probative value of the pornography video substantially outweighed any prejudice, these video clips do not pass the 403 balancing test; the danger substantially outweighs any value.

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court enter an order prohibiting the introduction into evidence of the listed video portions, taking place roughly an hour before the beating, with regard to these external conversations.

Respectfully submitted,


s/ *Carroll McCabe*
CARROLL MCCABE
Trial Attorney
U.S. Department of Justice
Civil Rights Division Criminal Section
601 D Street, NW
Washington, DC 20004
(202) 514-5123
carroll.mccabe@usdoj.gov


s/ *Xavier O. Carter, Sr.*
Xavier O. Carter, Sr.
Assistant United States Attorney
1801 4th Avenue
Birmingham, Alabama  35203
(205) 244-2229
Xavier.carter@usdoj.gov