# **EXHIBIT A**

| Conversation | Time | Summary | Reasons for Redaction |
|---|---|---|---|
| #1 | 19:42:29-20:01:30 | Conversation between Defendant, other police officers, and the victim's wife. The conversation's topics concern the victim's actions towards his wife, the wife's alcohol abuse, the Defendant's love for children, what the children of the victim and his wife are receiving for Christmas this year, the fitness of the mother, and who would take care of the kids that evening. | This conversation will likely sidetrack the jury with irrelevant questions, such as whether the victim is a good father and husband. Furthermore, the conversation will introduce irrelevant factors, such as the status of the relationship between the victim and his wife.<br><br>Nothing in the conversation makes it "more or less probable" that the defendant violated 18 U.S.C. 242 or obstructed justice by falsifying the incident report.<br><br>This conversation is also not necessary to put the remainder of the video in context. This conversation is irrelevant to the material facts of the case and should be excluded under Rule 402.<br><br>Even if the court deems this portion of the video as relevant, the prejudice of this conversation far outweighs any probative value it may have. This video may introduce a number of Rule 403 dangers that concern the Court. For example, the Defendant's love for children may taint the juror's perceptions and prevent them from judging the matter on the merits of the case. |
| #2 | 20:02:36-20:05:28 | Phone conversation between Officer Carmean and DHR worker. This conversation focuses on the wife's inability to take care of her children that evening, and the officer requests that DHR come to the scene and take the children. | This conversation is irrelevant to the material facts of the case and should be excluded under Rule 402. This conversation does not make it "more or less probable" that Defendant violated 18 U.S.C. 242 or obstructed justice by falsifying a police report. The Defendant is not present during this conversation and is not mentioned in this conversation.<br><br>Furthermore, the prejudice in this conversation also far outweighs any probative value it may have. The |

|  |  |  | conversation may switch the jury's focus to the children's welfare and the wife's alcohol abuse instead of focusing on the Defendant's conduct towards the victim and the victim's rights. |
|---|---|---|---|
| #3 | 20:05:40-20:11:29 | Conversation between Defendant, other police officers, and victim's wife. This conversation focuses on Defendant's concern for the victim's wife and children, the wife's alcohol abuse and potential drug problem, the children receiving presents from the police officers, and the possibility of DHR coming to take the children from the scene. | This conversation poses the same issues as the first conversation between these parties. The jury may be distracted by the children's welfare and whether the victim and his wife are good parents. These questions and factors are irrelevant in this case, because this conversation does not make it "more or less" probable that the Defendant utilized illegal conduct towards the victim and falsified the incident report.

In addition, the prejudice of this conversation far outweighs any probative value that it may have in this case. This conversation focuses on irrelevant topics that have a high probability of sidetracking the jury. For example, Defendant's concern for the victim's wife and children may impact the jury's ability to judge the merits of this case. |
| #4 | 20:11:30-20:14:02 and 20:14:20-20:15:35 | Phone conversation between Officer Carmean, unknown individual on the other line, and intermittent conversations between the Officer Carmean and the victim's wife. These conversations focused on the children's welfare, the wife's current intoxication, and acquiring names and birth dates of the victim's wife and children. | These conversations may distract the jury by shifting their focus towards the children, which may influence their own judgment of Defendant's behavior. Furthermore, Defendant is not even in this conversation—rather, during the 18 second break in this conversation, the Defendant is talking to the victim.

These conversations are irrelevant because they place no focus on Defendant's behavior that night. In addition, these conversations bring in new (and irrelevant) information—such as the ages of the children—that may also distract the jury. |